# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Doris Ruiz,<br>also known as Doris Ruiz-Swanson,<br><br>        Petitioner,<br><br>v.<br><br>Robert Johnson,<br>DHS ICE ERO,<br><br>Scott Bienecke,<br>ICE Field Director, and<br><br>Eric Holder, Jr.,<br>U.S. Attorney General,<br><br>        Respondents. | Case No. 14-cv-1721 (MJD/TNL)<br><br><br>**REPORT &<br>RECOMMENDATION** |

Doris Ruiz, #2014 0000 1879, Carver County Jail, 606 East Fourth Street, Chaska, MN 55318 (pro se Petitioner); and

Ana H. Voss, Bahram Samie, and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55412 (for Respondents).

This matter comes before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). The case been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. Petitioner has also filed a Motion for Temporary Restraining Order and Request for Emergency Hearing

1

(ECF No. 2) ("TRO motion"). Respondents oppose Petitioner's TRO motion. (ECF. No. 5.)

For the reasons discussed below, the Court finds that the Court lacks jurisdiction over the claims presented in the current habeas petition and TRO motion. Petitioner's claims can be entertained only in the Eighth Circuit Court of Appeals. The Court will therefore recommend that this matter be transferred to the Eighth Circuit.

## I. BACKGROUND

Petitioner is a citizen of Peru, who came to the United States in 1988 as a student. (Removal Ord. at 1-2, ECF No. 3.[1]) Petitioner became a lawful permanent resident in 1999. (*Id.* at 2.) Removal proceedings commenced against Petitioner in July 2013, wherein Petitioner was charged with being removable pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(ii) (conviction of two or more crimes involving moral turpitude), (iii) (conviction of aggravated felony). (*Id.* at 1.) The record reflects that Petitioner has multiple convictions for theft (two convictions in Florida in 1999 and one conviction in Minnesota in 2006), as well as a 2012 conviction in this Court for failure to account for and pay over $150,000 in federal employment taxes.[2] (*Id.* at 2-3.) In December 2013, an immigration judge ordered that Petitioner be removed from the United States. (*Id.* at 7.) Petitioner appealed the immigration judge's decision to the Board of Immigration

---

[1] Petitioner filed a number of supporting documents with the Court in a single attachment. The immigration judge's removal order is contained at pages 3-9 of this filing. The Court cites to the page numbers of the removal order itself.

[2] *United States of America v. Doris Ruiz*, Case No. 11-cr-319 (DWF/JJK), (J. in a Criminal Case, ECF No. 27).

Appeals ("BIA").  (Appeal at 1, ECF. No. 3.[3])  The BIA affirmed the immigration judge's decision and dismissed Petitioner's appeal in April 2014.  (*Id.* at 1-3.)  Petitioner filed a motion for reconsideration with the BIA, which is currently pending.  (Pet. at 2.)

On May 13, 2014, Petitioner filed a petition for review with the Eighth Circuit Court of Appeals.  *Ruiz v. Holder*, No. 14-2102.[4]  Petitioner also filed a motion to stay her removal, which was denied by the Eighth Circuit on May 19, 2014.  Petitioner has filed a request with the Eighth Circuit for reconsideration of its order denying the stay in that proceeding.

The instant habeas corpus petition and TRO motion were filed with this Court on June 2 and 3, 2014, respectively.  Petitioner appears to be challenging the validity of the removal order that has been entered against her.  Petitioner contends that the immigration judge did not properly apply the law, particularly with respect to 8 U.S.C. § 1182(h).  (Pet. at 7, 8.)  Petitioner also contends that her removal proceedings were constitutionally deficient for a number of reasons, including "violation of substantive Due Process per the 5th Amendment constitutional right"; "violation of procedural Due Process 5th amendment constitutional right"; "violation of Petitioner's 4th amendment right to a full and fair administrative proceeding"; "violation of Petitioner's 1st amendment right to access to the Courts"; and "[t]he unlawful prolonging of Petitioner's detention by deceit

---

[3] The BIA's decision can be found at pages 31-33 of the filing at ECF No. 3.  The Court again cites to the pages of the BIA decision itself.  *See supra* n.1.

[4] The docket sheet for Petitioner's petition for review filed with the Eighth Circuit is accessible to this Court by means of Case Management/Electronic Case Filing ("CM/ECF"), a record-keeping system maintained by the federal judiciary.

from the IJ is a violation of Petitioner's 8th amendment right." (*Id.* at 6-8.) In addition, Petitioner asserts that she received ineffective assistance of counsel. (*Id.* at 8.)

Petitioner contends that her detention is unconstitutional because she "has a pending I-129 Fiancé Petition and a[n] I-601 waiver of inadmissibility pending with U.S. CIS, so detention is now indefinite, in effect, because a visa is immediately available to her under first-preference. Removal is *NOT* reasonably foreseeable." (*Id.* at 6.) Similarly, citing to *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner states that there are "good reasons to believe that there is no significant likelihood of removal in the reasonably foreseeable future." (*Id.* at 7.)

At one point, Petitioner contends that she "is not challenging her final order of removal, but she challenges her detention prior to the issuance of such order as capricious and arbitrary—obtained by violating her rights [and] privileges under INA." (*Id.* at 8.) Under each ground for relief claimed, however, Petitioner refers the Court to a "[m]emorandum of law in support of this ground." (*Id.* at 6-9.) The only document filed by Petitioner that could be considered to be a memorandum in support of her petition is her TRO motion, which itself states that "Petitioner has filed for a § 2241 today in Federal Court, to be accompanied by this motion for Temporary Restraining Order and Request for Emergency hearing." (Mot. for TRO at 1.)

Petitioner's TRO motion refers to many of the alleged constitutional, legal, and procedural defects in her removal proceedings identified in her Petition. (*See id.* at 3, 5, 9.) Petitioner also contends that the immigration judge failed to inform her of certain relief that she may have otherwise been eligible for and to grant her the opportunity to

4

apply for such relief during the hearing. (*Id.* at 3-5, 7-8.) The bulk of Petitioner's motion consists of arguments as to why Petitioner is eligible for relief from the immigration judge's removal order. (*See id.* at 2, 4, 5, 7-8, 8, 10-14.) In fact, Petitioner specifically calls for "a reversal of the IJ order and remand." (*Id.* at 14.) Accordingly, the Court construes Petitioner's habeas corpus petition and accompanying TRO motion to be challenging the validity of Petitioner's removal order.[5] *See Skurtu v. Mukasey*, 552 F.3d 651, 657, 658 (8th Cir. 2008) (construing Fifth Amendment due process challenges, including immigration judge's failure to develop more fully the record, and assertion of error regarding immigration judge's decision not to appoint counsel as seeking review of immigration judge's removal order); *Codina v. Chertoff*, 283 Fed. App'x 432, 433 (8th Cir. 2008) (per curiam) ("To the extent Codina's [§ 2241] petition challenged her detention based on alleged procedural and clerical flaws in her removal proceedings, it essentially challenged her removal order . . . .").

## II. ANALYSIS

### A. Subjection Matter Jurisdiction over Habeas Corpus Petition

Respondents assert that "this Court lacks subject matter jurisdiction to review the final order of removal." (Resp'ts.' Mem. in Opp'n at 5.) This Court agrees. The Eighth Circuit has explained that, "[p]ursuant to § 106 of the REAL ID Act, a petition for review to the courts of appeal is the exclusive means of review of an administrative order of removal, deportation, or exclusion." *Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir.

---

[5] Petitioner also checked a box on the habeas corpus petition form indicating that she is challenging "[d]isciplinary proceedings," and listed "disciplinary proceedings, outcomes and notes, adverse to me, added to my detainee file" at the facility where she was previously detained. (Pet. at 2; *see also id.* at 3.) The only grounds for relief raised in her Petition, however, involve challenges to the removal order.

2007) (citing 8 U.S.C. § 1252(a)(5)); *see also* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), *including section 2241 of Title 28*, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." (emphasis added)). This also includes constitutional claims and other legal challenges related to the removal order. *See* 8 U.S.C. § 1252(a)(2)(D); *Buezo v. Banieke*, No. 08-cv-206 (DWF/RLE), 2008 WL 312808, at *2 (D. Minn. Feb. 1, 2008). Thus, the district courts lack jurisdiction to review removal orders and "any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals." *Tostado*, 481 F.3d at 1014; *see also Skurtu*, 552 F.3d at 655 ("The REAL ID Act places exclusive review of orders of removal with circuit courts." (quotation omitted)); *Alonso v. Office of Counsel/Immigration & Customs Enforcement*, No. 13-cv-2514 (MJD/JJK), 2013 WL 5999485, at *4 (D. Minn. Nov. 12, 2013) ("[S]ince the enactment of [the] REAL ID Act in 2005, federal district courts no longer have habeas jurisdiction to review final deportation orders."); *Buezo*, 2008 WL 312808, at *2 ("Pursuant to the REAL ID Act, federal district courts are divested of habeas jurisdiction over removal orders.").

Fundamentally, Petitioner is challenging the validity of the immigration judge's removal order. This Court lacks subject matter jurisdiction to consider her claims, which must be raised in the appropriate circuit court of appeals. *See Haider v. Gonzales*, 438

F.3d 902, 910 (8th Cir. 2006) (where habeas corpus petition "does nothing more than attack the [immigration judge's] removal order, [Court of Appeals] 'shall be the sole and exclusive means for judicial review'"); *see also Alonso*, 2013 WL 5999485, at *4 ("The exclusive remedy rule of the REAL ID Act appears to be applicable here, because it appears that Petitioner is directly challenging the validity of his deportation order."). As noted above, Petitioner has already instituted proceedings in the Eighth Circuit to challenge the removal order. Therefore, this Court recommends that this action be transferred to the Eighth Circuit for consideration with Petitioner's pending petition for review.[6]

### B. TRO Motion

Petitioner's TRO motion essentially seeks to stay her removal. Petitioner states her removal is "imminent and final" and that she has been advised that "her removal is imminent within 48 hours." (Mot. for TRO at 1.) Section 1252(g) states:

> *Except as provided in this section* and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders* against any alien under this chapter.

8 U.S.C. § 1252(g) (emphasis added).

---

[6] The Court notes that, to the extent Petitioner is claiming that her removal is not reasonably foreseeable and seeking relief under *Zadvydas*, Petitioner's claims are unavailing. "Under *Zadvydas* an alien who has been detained for more than six months can obtain release by showing that there is 'no significant likelihood of removal in the reasonably foreseeable future,' which then requires the government to respond with evidence sufficient to rebut that showing." *Bah v. Cangemi*, 548 F.3d 680, 684-85 (8th Cir. 2008) (quoting 533 U.S. at 701). The very relief Petitioner seeks in her TRO motion demonstrates that her removal is likely to occur within the reasonably foreseeable future.

7

As one district court has observed:

> The Supreme Court has construed § 1252(g) narrowly and held that it applies to only "three types of discretionary decisions by the Attorney General—specifically, to commence proceedings, to adjudicate cases, or to execute removal orders." *INS v. St. Cyr*, 533 U.S. 289, 311 n. 34, (2001). In at least those situations, courts have consistently concluded that 8 U.S.C. § 1252(g) divests "a court" of jurisdiction to entertain "any *cause or claim* by an alien *arising from* the decision or action . . . to . . . *execute removal orders*."

*Ma v. Holder*, 860 F. Supp.2d 1048, 1057 (N.D. Cal. 2012) (citing cases); *see also id.* at 1059 (noting § 1252(g)'s "vice-like grip").

Petitioner's TRO motion asks this Court to interfere with execution of the removal order. Section 1252(g) prohibits this Court from doing so. Therefore, this Court recommends that Petitioner's TRO motion be denied. *See* 8 U.S.C. § 1252(g); *Buezo*, 2008 WL 312808, at *2 ("Pursuant to [§ 1252(g)], challenges to the Attorney General's discretion in executing a final order of removal are not subject to judicial review."). Because the Court has determined that it lacks jurisdiction over Petitioner's TRO motion, it need not discuss the factors typically considered when addressing such motions.[7] *See CDI Energy Servs. v. W. River Pumps, Inc.*, 567 F.3d 398, 401-02 (8th Cir. 2009) (listing *Dataphase* factors for evaluating preliminary injunctive relief); *Buezo*, 2008 WL 312808, at *2 ("Because the Court has determined that it lacks subject matter jurisdiction over Plaintiff's challenges, the Court need not reach the *Dataphase* factors related to Plaintiff's Motion for a TRO.").

---

[7] As Respondents point out, in *Nken v. Holder*, the Supreme Court recognized that, "[a]lthough removal is a serious burden for many aliens, it is not categorically irreparable . . . . [T]he burden of removal alone cannot constitute the requisite irreparable injury." 556 U.S. 418, 436 (2009). (Resp'ts.' Mem. in Opp'n at 6.)

## III. RECOMMENDATION

Based on the foregoing, and all the files and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Motion for Temporary Restraining Order and Request for Emergency Hearing (ECF No. 2) be **DENIED**.

2. This action be transferred to the Eighth Circuit Court of Appeals.


Date: June    4   , 2014              *s/ Tony N. Leung*
                                      Tony N. Leung
                                      United States Magistrate Judge
                                      for the District of Minnesota


                                      *Ruiz v. Johnson*
                                      Case No. 14-cv-1721 (MJD/TNL)


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **3:00 P.M. CST on June 4, 2014**.

9